E-Filed 7/12/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HUYNH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CELIA BRACAMONTES, individually and dba PRISCILLA'S SALA DE BELLEZA; SANTIAGO MARTINEZ,<br><br>　　　　Defendants. | Case No. 5:16-cv-01457-HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

　　　　Plaintiff Tina Huynh ("Huynh") visited Priscilla's Sala de Belleza, a beauty salon in San Jose, to have her hair done. Dkt. No. 1 at 2. Huynh is the conservator and primary caregiver for her adult daughter, who is physically disabled and uses a wheelchair. *Id.* Huynh brought her daughter to the salon, but could not locate a wheelchair-accessible parking spot. She dropped her daughter off at a relative's home before returning to the salon alone. *Id.* at 3.

　　　　Huynh therefore sues salon owner Celia Bracamontes ("Bracamontes") and Bracamontes's ex-husband Santiago Martinez ("Martinez") (collectively "Defendants"). Huynh alleges violations of: (1) the federal Americans with Disabilities Act ("ADA"); (2) California Civil Code § 51 ("the Unruh Act"); and (3) § 19955 of California's Health and Safety Code. *Id.* at 4-8. Each party has consented to magistrate-judge jurisdiction. Dkt. Nos. 12, 15. Defendants move to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. No. 9-1.

**Legal Standard**

　　　　A party may challenge subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "on the face of the pleadings[.]" *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court evaluates a facial attack by presuming that material allegations are true and then deciding whether those allegations show a lack of federal subject-matter jurisdiction.

*Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Under Article III of the United States Constitution, federal courts have jurisdiction to decide only actual cases or controversies, and persons have standing to sue only if (1) they have suffered an "injury-in-fact" that is both "actual and imminent" and "concrete and particularized;" (2) the injury is "fairly traceable" to the Defendants' conduct; and (3) a favorable decision by the court will likely redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[T]he alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). A "lack of Article III standing requires dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court assumes the truth of factual allegations and construes them in the light most favorable to the claimant. *Id.* But the court may disregard conclusions not supported by underlying factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). The court then draws upon its "experience and common sense" to answer a "context-specific" question: do the alleged facts support a plausible claim? *Id.* A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not "fall within the zone of interests protected by the law invoked," *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).[1] For a court considering this type of dismissal, "the central question is whether [a plaintiff] alleges injuries to precisely the sorts of . . . interests the [statute] protects." *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1123 (9th Cir. 2015).

---

[1] The *Maya* court referred to this type of dismissal as a question of "statutory standing," a label the Supreme Court later acknowledged as "an improvement over the language of 'prudential standing'" but ultimately rejected as "misleading," *Lexmark*, 134 S. Ct. at 1388 n.4. A district court's power to dismiss a case in this manner is "not derived from Article III." *Id.* at 1386.

**Discussion**

Huynh claims her inability to enjoy the salon with her daughter constitutes an "injury-in-fact" that is both "actual and imminent" and "concrete and particularized." *Lujan*, 504 U.S. 555 at 560. The court agrees; there is nothing "conjectural" or "hypothetical" about Huynh's claim that she is currently "deterred from visiting the [salon] with her daughter," Dkt. No. 1 at 3. Huynh's injury is also "fairly traceable" to Defendants' conduct. Business owners are responsible for their business's compliance with the ADA and the salon concedes it controls the configuration of its parking lot. Dkt. No. 13 at 5-6 (describing past modifications). Finally, the injunction Huynh seeks is a remedy "likely" to "redress[]" the alleged injury, as it would correct any ADA deficiencies in the parking lot and allow Huynh and her daughter to access the salon together. *Lujan*, 504 U.S. at 561. Huynh therefore meets the constitutional minimum requirement for standing; the court denies Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject-matter jurisdiction.

The court now considers Defendants' argument that Huynh's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Huynh does not claim to be disabled. Instead, she bases her ADA claim on the fact "that she cannot have her hair done at the [s]alon while enjoying the companionship of her daughter." Dkt. No. 11 at 2. This is an "associational discrimination" claim. *See George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971, 973-76 (D. Ariz. 2013). The parties agree that a plaintiff pleading associational discrimination under 42 U.S.C. § 12182(b)(1)(E) "must allege some specific, direct, and separate injury as a result of association with a disabled individual." *Id.* at 974; Dkt. Nos. 11 at 4, 13 at 4. The court is satisfied Huynh has done so here and that she is explicitly within the "zone of interests" protected by the ADA.

To determine whether a plaintiff falls within the "zone of interests" protected by a specific statutory provision, a court "must determine the provision's meaning, using traditional principles of statutory interpretation." *Lexmark*, 134 S. Ct. at 1388. Courts begin with the statutory text, *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 962 (9th Cir. 2007), and "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut*

3

*Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). "When the words of a statute are unambiguous, [this] first canon is also the last: judicial inquiry is complete." *Id.* at 254. The ADA's Title III is clear: it is unlawful "to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E). This provision unambiguously protects those who have a "relationship or association" with a disabled person. Huynh is therefore "within the class of plaintiffs whom Congress authorized to sue," *Lexmark*, 134 S. Ct. at 1387.

Courts resolving motions to dismiss on similar facts have accordingly refused to dismiss § 12182(b)(1)(E) claims brought by friends and relatives. In *George v. AZ Eagle TT Corp.*, a father sued the operator of a shopping mall after visiting with his disabled son and encountering access ramps that allegedly violated the ADA. 961 F. Supp. 2d 971, 973-76 (D. Ariz. 2013). The father claimed injury from his inability "to access [the] shopping center with his disabled son." *Id.* at 975. The district court concluded that the father had "properly alleged an associational discrimination claim" with a "separate and distinct injury" and denied the mall operator's motion to dismiss. *Id.* at 975-76. In *Wright v. Macerich Westcor Mgmt., LLC*, a long-term companion and caretaker for a disabled man sued the operator of a shopping center after the pair allegedly encountered physical barriers that prevented the man from accessing the facility using his wheelchair. 2009 U.S. Dist. LEXIS 132889 at *1-*2 (D. Ariz. 2009). While she could enjoy the "goods and services" of the shopping center, the plaintiff claimed the center's operator denied her the "right to enjoy going to the mall with her longtime companion, a privilege enjoyed by non-disabled couples." *Id.* at *12-*13. The court agreed, held that the plaintiff had sufficiently alleged an injury "distinct" from that of her disabled companion, and denied the defendant's motion to dismiss. *Id.* at *13.

Defendants attempt to distinguish these cases by arguing Huynh "was not attempting to share or participate in a joint experience," Dkt. No. 13 at 5. But Huynh alleges exactly that: she wanted to get her hair cut while enjoying the "companionship of her daughter," Dkt. No. 11 at 2. The court is not persuaded there is a legally significant difference between going to a shopping

4

mall and entering a hair salon. The plaintiffs in *George* and *Wright* did not sue the shopping mall operators so they could buy specific products—they sued so they could access and enjoy the malls along with their disabled companions. Like the plaintiffs in *George* and *Wright*, Huynh is entitled to access and enjoy the salon with her daughter, and that right does not depend on her daughter seeking a haircut at the same time her mother does.

The court is unconvinced that it will "impermissibly expand" the scope of associational discrimination claims if it follows case law like *George* and *Wright*. Dkt. No. 13 at 5. Congress created an associational claim under § 12182(b)(1)(E) as part of a statutory framework that addresses a "serious and pervasive social problem"—society's "historical" tendency to "isolate and segregate" people with disabilities. 42 U.S.C. § 12101(a)(2). The undersigned is satisfied that the ADA gives Huynh an enforceable right to jointly access public accommodations along with her disabled daughter, 42 U.S.C. § 12182(b)(1)(E), and that Congress created this right not just so that people like Huynh may enjoy the company of their children in public, but also so that people like Huynh's daughter will thereby be less likely to suffer isolation from society, 42 U.S.C. § 12101(a)(2). The court denies Defendants' motion to dismiss Huynh's ADA claim.

Huynh's second claim arises under California's Unruh Act. The court has discretion to exercise supplemental jurisdiction over Huynh's related state law claims. 28 U.S.C. § 1367. Defendants understandably offer no arguments specific to Huynh's Unruh Act claim, Dkt. No. 9-1 at 6-7, as "a violation of the ADA is, per se, a violation of the Unruh Act," *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); Cal. Civil Code § 51(f). Because Huynh alleges a plausible claim under the ADA, she necessarily alleges a plausible claim under the Unruh Act as well. The court denies Defendants' motion to dismiss Huynh's Unruh Act claim.

Finally, Huynh seeks an injunction based on violations of § 19955(a) of California's Health & Safety Code. Defendants argue, based on § 19958.6, that the act does not "provide for a private . . . cause of action" and that only certain government officials may bring such a claim. Dkt. No. 9-1 at 7. Defendants are incorrect; California Health & Safety Code § 19953 expressly provides that "[a]ny person who is aggrieved or potentially aggrieved by a violation of . . . Part 5.5

(commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to enjoin the violation." Defendants misread § 19958.6, which states merely that certain public officials may bring a "civil action" to collect statutory "civil penalt[ies]" for violations of certain other sections in the Health & Safety Code; this does not limit Huynh's standing to seek an injunction under § 19955. The court denies Defendants' motion to dismiss Huynh's § 19955 claim.

### Conclusion

The court denies Defendants' motion to dismiss Huynh's federal claim; Huynh has constitutional standing to sue and has pled a plausible claim for relief under the ADA. The court also denies Defendants' motion to dismiss Huynh's related state law claims based on the salon's alleged violations of the Unruh Act and California's Health & Safety Code.

**IT IS SO ORDERED.**

Dated: 7/12/16

HOWARD R. LLOYD
United States Magistrate Judge